

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 7 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LENAR ALEXANDER CORALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:17-CV-080-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Lenar Alexander Corales, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On February 13, 2014, a jury in Tarrant County, Texas, Case No. 1324785D, found petitioner guilty of attempted capital murder and, on February 14, 2014, assessed his punishment at 60 years' confinement in TDCJ. (SHR 66-67, doc. 10-13.[1]) Petitioner

---

[1] "SHR" refers to the record in petitioner's state habeas-corpus proceeding in WR-84,616-01.

appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment on April 23, 2015. (Mem. Op. 6, doc. 9-3.) Petitioner did not file a petition for discretionary review. (Pet. 3, doc. 1.) On January 8, 2016, Petitioner filed a state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on April 6, 2016, without written order on the findings of the trial court.[2] (SHR 18 & Action Taken, docs. 10-13 & 10-12.) This federal habeas petition challenging his state court conviction was filed on July 1, 2016.[3] Respondent asserts the petition is untimely under the federal statute of limitations and should be dismissed. (Resp't's Preliminary Answer 5-9, doc. 11.)

## II.  Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

---

[2] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not provide the date he placed the document in TDCJ's mailing system, however the "Inmate's Declaration" was signed by petitioner on January 8, 2016. (SHR 18, doc. 10-13.) For purposes of this opinion, petitioner's state habeas application is deemed filed on that date.

[3] Similarly, petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a petition for discretionary review in the Texas

3

Court of Criminal Appeals on Tuesday, May 26, 2015,[4] and closed one year later on May 25, 2016,[5] absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Petitioner's state habeas application filed on January 8, 2016, operated to toll limitations 90 days, making his petition due on or before August 23, 2016. Therefore, the petition is untimely unless petitioner can demonstrate that equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). Petitioner makes no such showing. He did not reply to respondent's preliminary answer or otherwise assert a reason for his late filing, and there is no evidence whatsoever in the record that he was prevented in some extraordinary way from

---

[4]May 23, 2015, was a Saturday and Monday, May 25, 2015, was Memorial Day; thus, petitioner would have had until Tuesday, March 26, 2015, to file a petition for discretionary review.

[5]2016 was a leap year.

4

asserting his rights in federal court. Nor does he raise a claim of actual innocence of the offense for which he stands convicted for purposes of equitable tolling.

Accordingly, petitioner's federal petition was due on or before August 23, 2016. His petition, filed on January 18, 2017, is therefore untimely.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED June __7__, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE